**CONRAD & CO., Inc., v. COMMISSIONER OF INTERNAL REVENUE.**

No. 2523.

Circuit Court of Appeals, First Circuit.

May 28, 1931.

Hugh Satterlee, of New York City (I. Herman Sher, of New York City, Albert S. Lisenby, of Washington, D. C., and Weill, Wolff & Satterlee, of New York City, on the brief), for petitioner.

J. Louis Monarch, Sp. Asst. to Atty. Gen. (G. A. Youngquist, Asst. Atty. Gen., Sewall Key and Helen R. Carloss, Sp. Assts. to Attorney General, and C. M. Charest, Gen. Counsel, and Allin H. Pierce, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., on the brief), for the Commissioner.

Argued before BINGHAM, ANDERSON, and WILSON, Circuit Judges.

WILSON, Circuit Judge.

This is a petition for review of certain orders and decisions of the Board of Tax Appeals holding that the petitioner was subject to certain deficiency taxes for the years 1919, 1920, 1921, and 1922.

The Board of Tax Appeals found as facts that prior to November 1, 1917, Sidney S. Conrad and Bertram B. Conrad conducted a business as partners under the name of Conrad & Co., and on the above date they organized a corporation and transferred to the corporation the tangible assets of the partnership consisting of cash, receivables, merchandise, and supplies which had an aggregate current cash value of, and cost the partnership, $562,265.20. In exchange for the above tangible assets, the corporation issued to the partners its entire capital stock of the par value of $500,000.

At the same time the partners, in consideration of the corporation assuming the partnership indebtedness amounting to $155,019.-78, assigned to the corporation certain trademarks, the right to use the partnership name, and the good will of the business. The corporation afterward paid the indebtedness of the partnership.

In assessing the corporation's income and excess profits taxes for the years in question, the Commissioner of Internal Revenue, in fixing the amount of invested capital, deducted from the value of the tangible assets that were exchanged for the capital stock the amount of the partnership indebtedness assumed and paid by the corporation in exchange for the intangibles. From the rulings of the commissioner the taxpayer appealed to the Board of Tax Appeals, which affirmed the action of the commissioner and also denied that the taxpayer was entitled to any relief under sections 327 and 328 of the Revenue Acts of 1918 and 1921 (40 Stat. 1093; 42 Stat. 275).

The taxpayer thereupon petitioned this court for a review of the decisions of the Board of Tax Appeals under sections 1001, 1002, and 1003, chap. 27 of the Revenue Act of 1926 (26 USCA § 1224 and note, and §§ 1225, 1226).

Invested capital is a statutory concept. Congress has arbitrarily determined what may be included in determining the amount of invested capital. For the years in question it was determined by section 326 of the Revenue Acts of 1918 and 1921 (40 Stat. 1092; 42 Stat. 274), which provided:

"The term 'invested capital' * * * means:

"(1) Actual cash bona fide paid in for stock or shares;

"(2) Actual cash value of tangible property, other than cash, bona fide paid in for stock or shares, * * *

"(3) Paid-in or earned surplus and undivided profits; * * *

"(4) Intangible property bona fide paid in for stock or shares prior to March 3, 1917, * * *

"(5) Intangible property bona fide paid in for stock or shares on or after March 3, 1917, * * *

"(b) As used in this title the term 'invested capital' does not include borrowed capital."

The differences between the taxpayer and the commissioner and the board arose over the interpretation and application of section 331 of the Revenue Acts referred to (40 Stat. 1095; 42 Stat. 276).

Under section 331 in case of a reorganization, consolidation, or change of ownership after March 3, 1917, of a trade or business, if an interest in or the control thereof, to the extent of 50 per cent. or more, remained in the same persons, and property, whether tangible or intangible, was acquired of a partnership or an individual, such property, in determining the invested capital of a corporation acquiring the same, can only be taken at its original cost to the prior owner.

The taxpayer in this instance contends that the acquiring of the good will was a separate transaction from the transfer of the tangible property for the capital stock, and that where property is purchased by a corporation for cash or its equivalent, section 331 does not apply, and if the property so acquired has a value equal to the amount paid, it does not affect the invested capital.

The corporation, Conrad & Company, Inc., acquired in exchange for its capital stock tangible property worth $562,265.20, which, if there had been no other transaction, under section 326 clearly fixed the amount of its invested capital; but at the same time it agreed to assume the partnership's indebtedness in exchange for certain intangibles transferred to it. By assuming the liabilities of the partnership, it either transferred a part of its invested capital into borrowed capital (see section 325 (a), Revenue Act 1918, 40 Stat. 1091), or exchanged for the intangibles, so acquired, cash or its equivalent.

In other words, it became a question, after its cash, which made up a part of its invested capital, was reduced to the extent of the amount of the liabilities, whether the intangible property acquired in the transaction could then be substituted for the cash asset and the invested capital remain the same.

If section 331 does not apply to the facts found by the board, the taxpayer should be sustained.

■■ We think, however, that sections 326 and 331 must be construed together and that section 331 must be held to apply to the acquisition of this property. The change in the ownership of the business to Conrad & Company, Inc., in 1917 was either a reorganization or a change in ownership, where the entire control of the business remained in the same persons. The test, therefore, in determining the invested capital of the corporation for the years mentioned, was the cost of the intangibles to the partnership and not its cash value. Congress, in this section, has arbitrarily fixed the cost of property to the original owner acquired in this manner as the basis for determining its effect upon the invested capital.

■ If it cost the partnership a sum equal to the liabilities assumed, it was merely the exchanging of one species of property making up invested capital for other property of equal value. It cannot be that the exchange of any of the property enumerated in section 326 as constituting invested capital for other property of equal value, according to the standard fixed in section 331, thereby reduces the invested capital.

But the commissioner found that it cost the partnership nothing, and therefore it could not be considered in determining invested capital of the new corporation. The Board of Tax Appeals held that if this were a fact, the taxpayer's petition must be dismissed. The board, however, further held that from the evidence before it the good will of the partnership was worth more than the amount of the liabilities assumed, and that it cost the partnership "a substantial sum," but held that the exact cost could not be reasonably determined from the evidence furnished by the taxpayer, and therefore nothing could be allowed on account of the good will as invested capital.

It also held that the circumstances presented a situation for the application of sections 327 and 328 of the Revenue Acts of 1918 and 1921, but that a comparison with other similar corporations did not require any change in the deficiency tax.

In a review of a decision of the Board of Tax Appeals by this court, only questions of law are open. Its findings of fact are not reviewable, and unless it finds facts without evidence, no question of law is presented. If, however, it draws inferences not warranted by the facts found, or makes erroneous applications of law, its decisions are open to review and may be reversed, or modified by the court or remanded for the purpose. Section 1226 (b), 26 USCA.

We think the board having found that the good will cost the partnership a substantial amount, it erred in holding, because the exact amount could not be definitely determined, that the board was not required to exercise its best judgment in determining the cost.

It having been made to appear beyond conjecture that the good will was acquired at a substantial cost, the mere fact that it could not be measured exactly is no reason for not applying the best judgment of the members of the board in fixing on some amount, at least as a minimum cost. If the evidence left it to conjecture as to whether there was any cost to the partners, the board could properly have refused to go any farther, but if the evidence satisfied the board that the good will was acquired at a *substantial cost,* then it was their duty to express the "substantial cost" in dollars and cents.

While there appears to be some conflict in the authorities as to the definiteness of the proof required by the taxpayer in such matters, and the courts have held that where a material fact on which relief depends is not susceptible of proof, it leaves the party on whom the burden rests with an unenforceable claim, still we do not think justice should be denied him who offers substantial proof of value when that is the material fact, because he cannot prove it with mathematical exactness. Triers of fact are constituted to arrive at some reasonable conclusion when the evidence is substantial. Values are not conjectural because arrived at on judgment based on "substantial evidence." To refuse to fix any value on property because not clearly shown would be an arbitrary denial of justice and an error of law. L. S. Plaut & Co. v. Commissioner (C. C. A.) 46 F.(2d) 306; Cohan v. Commissioner (C. C. A.) 39 F.(2d) 540; Kendrick Coal & Dock Co. v. Commissioner (C. C. A.) 29 F.(2d) 559.

This court cannot determine facts, especially without evidence.

The decision of the Board of Tax Appeals is reversed, and the case is remanded to that board to fix a value on the intangibles based on the cost to the partners.