**RASMUSSON, Collector of Internal Revenue, v. EDDY'S STEAM BAKERY, Inc.**

**No. 6537.**

Circuit Court of Appeals, Ninth Circuit.

March 28, 1932.

---

Wellington D. Rankin, U. S. Atty., and Arthur P. Acher, Asst. U. S. Atty., both of Helena, Mont., and John R. Wheeler, Sp. Atty., Bureau of Internal Revenue, of Seattle, Wash., for appellant.

T. B. Weir and Harry P. Bennett, both of Helena, Mont., for appellee.

Before WILBUR and SAWTELLE, Circuit Judges, and McCORMICK, District Judge.

WILBUR, Circuit Judge.

Appellee brought an action to recover $3,819.63 taxes and interest paid by it for the calendar year 1921 upon the ground that it had no income during that year for the reason that prior to December 31, 1920, it had transferred all of its property and business to J. E. O'Connell, and transacted no business whatever during that year. This was the sole issue in the case. Judgment was rendered for the appellee and this appeal was taken by the Collector of Internal Revenue.

Appellant's contention is that the evidence does not sustain the judgment. The case was tried without a jury in pursuance of written stipulation thereto. A motion was made by the appellant at the conclusion of the testimony for a judgment upon the evidence, which was denied. No request was made for special findings.

The transcript contains the "decision" of the trial court dated February 5, 1931, and the judgment refers thereto as follows: "* * * The Court thereafter on the 5th day of February, 1931, having made and filed herein its opinion and findings in favor of plaintiff and against defendant, and directing judgment as prayed in the complaint, and the Court having thereafter on the 11th day of February, 1931, at the request of the parties by their counsel in open court made herein its special finding, viz.: that the defendant Collector in demanding and collect-

ing the tax in question from the plaintiff acted under the directions of the Commissioner of Internal Revenue."

Upon the argument it was suggested by the court that possibly this "decision" could, under the circumstances, be treated as special findings. Since the argument in this court the trial court has signed an order nunc pro tunc adopting the decision as special findings of fact. Waiving the jurisdictional question involved, the fact remains that the decision or opinion of the court cannot be treated as special findings in a case at law tried by the court without a jury. It has been frequently so decided. Java Cocoanut Oil Co., Ltd. v. Pajaro Valley Nat. Bank (C. C. A.) 300 F. 305; China Press, Inc. v. Webb (C. C. A.) 7 F.(2d) 581; Macomber v. Goldthwaite (C. C. A.) 22 F.(2d) 638, 641; Meyers v. Allen (C. C. A.) 34 F.(2d) 883.

The question presented by the record is whether or not there is sufficient evidence to justify the conclusion that Eddy's Steam Bakery, Inc., transacted no business in the taxable year 1921.

The complaint alleged that prior to December 31, 1920, the Eddy's Steam Bakery, Inc., had sold, transferred, and delivered all its property and business to J. E. O'Connell. The proof showed that J. E. O'Connell owned all but two shares of the stock in the corporation; that on January 1, 1921, the directors of appellee met and received a proposal from him to purchase the assets of the appellee at their book value of date December 31, 1920. The directors passed a resolution accepting the proposal. This action was ratified by the stockholders' meeting held the same day. That is, J. E. O'Connell, as stockholder, ratified the action of the board of directors elected by him, transferring all the assets to him subject to the corporate debts. J. E. O'Connell testified that "when this transfer was put through I did not pay any money to the corporation. I own all the stock in the corporation." He also testified that the principal reason for the transfer was to avoid the payment of income taxes. Nothing was distributed to the stockholders and no bill of sale or deed was given by the corporation to effect the transfer. No payment was made to the corporation by J. E. O'Connell, and he did not surrender his stock. A year later, on January 2, 1922, the directors and stockholders accepted a proposal from J. E. O'Connell to retransfer to the appellee the assets operated by him under the trade-name Eddy's

Steam Bakery, Inc. There was no change of possession at the time of the purported sale in January, 1921. Let it be conceded that an actual transfer of title from the corporation to its sole stockholder made with intent to avoid the taxes' that otherwise would be imposed upon the income of the corporation would be effective to prevent taxation. How was such a transfer effected in the case at bar? The corporation received no consideration for the transfer; it executed no muniment of title, it yielded no possession of the property, which continued in the custody of its president. The business was conducted as theretofore and in substantially the same name. The Code of Montana provides the procedure by which a corporation may dispose of all its assets (Revised Codes of Montana 1921, § 6004). It is not contended that these provisions were followed, nor is it seriously contended that there was a transfer of title from the appellee corporation to J. E. O'Connell which under the law of Montana would ipso facto work a dissolution of the corporation (Id. § 6005; Daily v. Marshall, 47 Mont. 377, 392, 133 P. 681). The title to the land upon which the bakery was located was in Kaufman and Stadler. They had entered into a contract to sell the land to E. H. Gallivan and J. E. O'Connell, and subsequent to 1921 made a deed to J. E. O'Connell; hence it is argued that as the contract to purchase was already in the name of J. E. O'Connell no formal transfer from appellee to him was necessary. We are unable to see that this suggestion is of any assistance to the appellee. The dealings between a trustee and a cestui que trust are hedged about by rules that were not complied with in the transaction in question. Montana Revised Codes of 1921, §§ 7888, 7889, 7890; 39 Cyc. 300; Perry on Trustees, §§ 194–200. We deem the suggestion irrelevant and hence do not pursue the subject further. The conclusion of appellee is that it "neither earned, nor received nor acquired, nor was entitled to any income or profits whatsoever for or during the year 1921." It is urged that the question of title is only probative as to income. The argument is that the possession of the property was actually surrendered to J. E. O'Connell, and hence that the earnings were made by J. E. O'Connell and not by the corporation.

The appellant relies upon the rule that the decision of the trial court on the facts, where there is a conflict in the testimony, is binding on this court. The difficulty here is that there is no room for the application

of this rule. J. E. O'Connell's testimony that the corporation transacted no business and earned no income during 1921 is but a conclusion of law in view of the undisputed evidence, and does not create a conflict of testimony with the undisputed facts to which he himself testified. The same is true of his statement that he operated the bakery as an individual. The question of title and income are inextricably interwoven. It characterizes the possession of the property and determines the ownership of the income thereof. The income derived from the operation of the business and plant of the appellee belonged to it. On no theory of corporate entity and the relationship of a corporation to its property and its stockholders can it abandon its property, its business, and its income, to its president, and surrender to him the rights it is bound to retain for its stockholders. In the case at bar where all the stock, except two qualifying shares, belong to one man, while many formalities connected with such a transaction might be omitted and still the transfer be valid, it was necessary nevertheless to clearly indicate the substitution of the individual for the corporation. This we think was not done.

Judgment reversed.