**COMMISSIONER OF INTERNAL REVENUE v. RIGGS, and three other cases.**

Nos. 5553–5556.

Circuit Court of Appeals, Third Circuit.

July 18, 1935.

Lucius A. Buck, Sp. Asst. to Atty. Gen., Frank J. Wideman, Asst. Atty. Gen., and James W. Morris, Sp. Asst. to Atty. Gen., for petitioner.

Warren W. Grimes and H. B. McCawley, both of Washington, D. C., for respondents.

Before BUFFINGTON, DAVIS, and THOMPSON, Circuit Judges.

DAVIS, Circuit Judge.

These four cases involve deficiencies in income taxes for 1927 and 1928. The taxpayers and several others owned all the common and preferred stock of Lamborn & Co., Incorporated, in 1927. Lamborn & Co. owned the stock of the Elanco Realty Corporation. On November 30, 1927, the stockholders of Lamborn & Co., including the taxpayers, sold and delivered 6,700 shares of their preferred stock at $59.42 per share to the Elanco Corporation and received its notes payable on January 3, 1928, for the sum due. The transfer was recorded on the company's books and the stamp taxes thereon paid.

On January 3, 1928, the shareholders, including the taxpayers, repurchased the 6,700 shares for $59.62 per share. The notes of the Elanco Corporation were canceled and the profit of $1,340 on the re-sale was included in the company's gross income for 1928.

In March, 1928, the taxpayer Lindgren sold his preferred stock in Lamborn & Co. to three of the other stockholders.

On November 30, 1928, the taxpayers Riggs, Lamborn, and Logan, and another stockholder participated in the same type of sale to the Elanco Corporation as was made on the same date in 1927, undergoing losses, and on January 2, 1929, likewise repurchased the same number of shares sold.

The taxpayers in these cases deducted their respective losses arising from the sales in their returns for both 1927 and 1928. But the Commissioner of Internal Revenue disallowed them. In its order of redetermination, the Board of Tax Appeals concluded that the losses were deductible because it said the transactions, resulting in the losses, were bona fide sales at fair market value.

But the transactions were not bona fide business sales and repurchases. They were not such transactions, by which a taxpayer may reduce his taxes, as the statute intended. Revenue Act of 1926, § 214 (a) (5), 26 USCA § 955 (a) (5); Revenue Act 1928, §§ 23 (e), 118, 26 USCA §§ 2023 (e), 2118. The same identical facts as are here involved were before the Circuit Court of Appeals for the Second Circuit in the case of Commissioner v. Dyer, 74 F.

(2d) 685, and in an opinion by Judge Swan in that case it was held that the losses were not deductible. The case here may be disposed of on the reasoning of Judge Swan.

Moreover, the opinion of the Supreme Court in the case of Gregory v. Helvering, 293 U. S. 465, 55 S. Ct. 266, 79 L. Ed. 596, 97 A. L. R. 1355, justifies the conclusion in the case of Commissioner v. Dyer, supra. From the opinion in the Gregory Case, it is clear that while motive to escape taxation may be of no importance, if the methods used are in reality those intended by the law, it is not always enough that the letter of the taxing statute is followed. The decisive thing is whether or not what has been done is "the thing which the statute intended." The taxpayer must bring himself within the intent of the statute upon which he relies, and in the case at bar the taxpayers did not do so. They did not undergo business losses such as are actually contemplated in the statute, but conceived the losses in paper transactions in order to escape the burden of their tax liability.

The order of redetermination of the Board of Tax Appeals is set aside, and the determination of the Commissioner approved.