## COMMISSIONER OF INTERNAL REVENUE v. EDWARD SECURITIES CO.

### No. 5433.

Circuit Court of Appeals, Seventh Circuit.

April 29, 1936.

Morton K. Rothschild, of Washington, D. C., for petitioner.

Harry N. Wyatt, of Chicago, Ill., for respondent.

Before EVANS and SPARKS, Circuit Judges, and BRIGGLE, District Judge.

PER CURIAM.

On consideration whereof, it is now here ordered and adjudged by this court that the decision entered in this cause on July 19, 1934, by the United States Board of Tax Appeals be, and the same is hereby, affirmed.

## COMMISSIONER OF INTERNAL REVENUE v. OLD NATIONAL BANK IN EVANSVILLE, etc.

### No. 5738.

Circuit Court of Appeals, Seventh Circuit.

April 3, 1936.

"For the purpose of disposing of the above captioned proceeding, it is hereby stipulated and agreed by and between the attorneys for the respective parties hereto as follows:

"(1) This is an estate tax case, and the sole issue on the appeal herein is whether section 302 (d) of the Revenue Act of 1926 required the inclusion in the gross estate of the value of the corpus of a trust created by the decedent in 1929, where the grantor in conjunction with his wife, who had a contingent interest therein, had the power to alter, amend, or revoke the trust.

"(2) The issue herein is substantially the same as that in the case of Helvering v. City Bank Farmers Trust Co., 296 U.S. 85, 56 S.Ct. 70, 80 L.Ed. —.

"(3) This case is controlled by the decision in the above case and the decision of the Board of Tax Appeals is erroneous in so far as it holds that the corpus of the trust is not includible in the gross estate. Accordingly, the order of the Board of Tax Appeals should be reversed and the case remanded for a determination of the deficiency."

Robert H. Jackson, Asst. Atty. Gen., for petitioner.

William G. Sparks, of Indianapolis, Ind., for respondent.

EVANS, Circuit Judge.

On consideration whereof, it is now here ordered and adjudged by this court that the order entered on January 9, 1935, by the United States Board of Tax Appeals be, and the same is hereby, reversed, and that this cause be, and the same is hereby, remanded to the said Board of Tax Appeals for a determination of the deficiency, pursuant to the foregoing stipulation.