### WICKWIRE v. UNITED STATES.

### TEER v. SAME.
### Nos. 13531, 13532.

District Court, E. D. Michigan, S. D.
Feb. 10, 1939.

Peck & Armstrong, of Detroit, Mich., for plaintiffs.

John C. Lehr, U. S. Atty., of Detroit, Mich.

O'BRIEN, District Judge.

By agreement of the parties and the order of the Court, the above two cases were consolidated for trial. Inasmuch as they involve identical issues, the same opinion will apply to both cases. Some of the facts were agreed upon and a stipulation of such agreed facts was filed with the Court. In addition thereto, testimony was produced in open court.

There is only one issue in this case, and that is whether the plaintiffs, J. Sterling Wickwire and Donald M. Teer, are entitled to deductions for alleged losses suffered upon alleged sales of stock by Teer and Wickwire to their dominated corporation.

Both plaintiffs freely admitted on the witness stand that the purported sale of stock to the Teer-Wickwire Company, 95% of whose outstanding stock was owned by plaintiffs, was solely for the purpose of establishing a loss for income tax purposes. Both plaintiffs stated that the purported sale was made to their own corporation, because they did not want to get rid of such stock, but wanted to keep control of it so that they could benefit from any rise in the market price of such stock. They admitted that this was a device used by them to establish a loss for income tax purposes and at the same time to keep possession and control of such stock, so that they could benefit from any improvement in the market. Mr. Teer testified that, "We thought it was· a method of es-

tablishing a tax loss and stall the thing along so that we would have a chance to make up our minds what to do with it".

No cash was paid by the corporation to the plaintiffs for the stock, but there was merely a bookkeeping entry crediting the individuals with the purchase price of the stock upon the books of the company. There is no evidence that the stock was actually transferred and registered in the name of Teer-Wickwire Company.

The Courts have held that a loss is deductible upon bona fide sales by an individual to his controlled or dominated corporation. Jones v. Helvering, 63 App. D.C. 204, 71 F.2d 214; Commissioner v. Edward Securities Corporation, 7 Cir., 83 F.2d 1007; Commissioner of Int. Rev. v. Eldridge, 9 Cir., 79 F.2d 629, 102 A.L.R. 500.

The Courts have also held that the mere fact that the taxpayer enters into a transaction for the purpose of minimizing his taxes does not vitiate the act if it was a bona fide transaction and carried out in good faith. But the Courts have repeatedly held that a taxpayer can not use a mere device or form to escape payment of tax. If the transaction is not a bona fide business transaction, but is merely part of a scheme or device, used by the taxpayer to establish an apparent loss, then the courts will look through the form to the substance.

It is apparent from the record and testimony in this case that the plaintiffs' purpose was not to effect a sale or transfer of the stock, but merely to make bookkeeping entries in order to make it appear that a loss had been suffered for the purpose of avoiding tax. In truth the plaintiffs were no poorer after the transaction than they were before. They still had complete control and ownership of the stock after the purported sale as before.

I must, therefore, find that plaintiffs' motive and purpose was to employ a device, scheme and artifice to create a fictitious loss for the purpose of avoiding taxes, and that the purported sale was not in fact a sale, transfer, or any bona fide business transaction, hence no deductible loss resulted.

However, even if such transaction could be called a sale, the record and evidence in this case is such that I am doubtful if the transaction is such that the claimed losses would be deductible under Section 23(e) of the Revenue Act of 1928, 26 U.S.C.A. § 23 note. Gregory v. Helvering, 293 U.S. 465, 55 S.Ct. 266, 79 L.Ed. 596, 97 A.L.R. 1355; Shoenberg v. Commissioner, 8 Cir., 77 F.2d 446; Commissioner v. Dyer, 2 Cir., 74 F.2d 685; Commissioner v. Riggs, 3 Cir., 78 F.2d 1004; Wishon-Watson v. Commissioner, 9 Cir., 66 F.2d 52.

The findings of fact and conclusions of law, as requested by the defendant, will be adopted as findings of fact and conclusions of law of the Court.

The defendant's motion for judgment may be granted and a judgment may be entered against the plaintiffs in favor of the defendant, for no cause for action.