## EMBRY REALTY CO. v. GLENN, Collector.

### No. 8381.

Circuit Court of Appeals, Sixth Circuit.

Dec. 11, 1940.

E. J. Wells, of Louisville, Ky., for appellant.

Eli. H. Brown, III, U. S. Atty., of Louisville, Ky., and L. F. Lyons, of Washington, D. C., for appellee.

Before HICKS, SIMONS, and ALLEN, Circuit Judges.

PER CURIAM.

It appearing that the judgment appealed from was one of dismissal of a suit against the Collector for an overpayment of tax assessed by the Commissioner of Internal Revenue, which overpayment was the result of a deficiency in the appellant's income tax return for 1934 by reason of the failure of the appellant to return a profit upon the sale of real estate during that year, and the disallowance by the Commissioner of a deduction for additional salaries voted by the appellant to its officers in February, 1935, and

It appearing that the appellant in the tax year was in possession of an unrealized profit upon certain real estate in the sum of $15,000, based upon the market value thereof, and that negotiations had been carried on with the officers of the appellant by a Realty Company for the purpose of purchasing said real estate, at a price set thereon by the president of the appellant commensurate with such unrealized profit, and

It appearing that instead of selling the property directly the appellant corporation deeded the property to its stockholders as a partial liquidating dividend, the stockholders shortly thereafter granting an option to the Realty Company which culminated in the sale of the property for $30,000, though its cost basis to the corporation was but $15,000, and

It appearing that the District Court in reliance upon Hellebush v. Commissioner, 6 Cir., 65 F.2d 902, and other cases, looked not to form but to substance, and so concluded that the transaction, though in form a partial liquidation was in substance but the sale of the property by the corporation and the distribution of the profits in the form of a cash dividend, and

It being the view of this court that there was no error in such conclusion, and

It further appearing that the salary increases deducted as expenses during the tax year were not voted until 1935; were not paid during the tax year; and that the taxpayer had made its returns upon a cash receipts and not upon an accrual basis, and

It being the view of this court that in sustaining the Commissioner's disallowance of salary increases as unreasonable, the District Court was not in error.

It is hereby ordered that the judgment below be and it is hereby affirmed.