**WICKWIRE v. UNITED STATES.**
**TEER v. SAME.**

**Nos. 8384, 8385.**

Circuit Court of Appeals, Sixth Circuit.

Jan. 7, 1941.

Ward H. Peck, of Detroit, Mich., for appellants.

George H. Zeutzius, Sp. Asst. to Atty. Gen., (Samuel O. Clark, Jr., Asst. Atty. Gen., Sewall Key, J. L. Monarch, and George H. Zeutzius, Sp. Assts. to Atty. Gen., and John C. Lehr, of Detroit, Mich., on the brief), for the United States.

Before HAMILTON, ARANT, and MARTIN, Circuit Judges.

MARTIN, Circuit Judge.

Donald M. Teer, president, and J. Sterling Wickwire, treasurer of Teer-Wickwire and Company, a Michigan machinery manufacturing enterprise, each owned individually 47½ per cent of the capital stock of the corporation. The remaining five per cent of stock was owned by the plant superintendent, who was the secretary and also the odd director serving on the corporate board with the president and the treasurer.

In December, 1929, Teer and Wickwire, as individuals, transferred, at current market prices from a joint trading account in which each owned a one-half interest, 1,600 shares of stock of one corporation and 320 shares of another to their controlled corporation, Teer-Wickwire and Company. Simultaneously, the latter transferred to them jointly stocks in two other corporations at current market prices. No cash was paid by the controlled corporation for the stock transferred to it, though there was a heavy differential in favor of the entity in the relative value of the securities transferred. But all necessary debits and credits to reflect the transactions were made upon the books of the company in the individual accounts of Teer and Wickwire.

The Teer-Wickwire corporation reduced its 1929 income taxes by deducting a substantial loss on the stock transfers made by it to Teer and Wickwire, who, in turn, claimed as deductions on their respective individual 1929 income tax returns heavy losses on the blocks of stock transferred by them to the corporation.

Appellant Teer conceded on the witness stand that the sale of stock to the controlled corporation "was a method of establishing a tax loss, and stalling the thing along," so that he and his associate, Wickwire, could have time to decide upon ultimate disposition of the stocks. He admitted that the sole reason for making the sales was to escape payment of taxes. Being pressed on cross-examination, he admitted further that they bought the stock "as a corporation" because they thought it was good stock and they wanted to keep control of it.

Wickwire testified that they had the corporation buy the securities because they "still had faith in them"; otherwise they "would have sold them outright in the market." He admitted that they wanted the corporation to own the stocks so that, as stockholders, they could benefit from any rise in price; and, in view of their ninety-five per cent control of the corporation, he and Teer could determine when the stocks should be sold. The corporation did not sell the stocks until two years after the transfer.

Acting upon the advice of tax counsel, Teer and Wickwire took the position that even though the motive be tax reduction, any device carried out by "means of legal forms" is not subject to "legal censure."

In passing upon the transactions related, the Commissioner of Internal Revenue disallowed the tax reduction claims based upon the sale of the stocks to the corporation. In these consolidated suits for refund, the District Court upheld the action of the Commissioner.

In his opinion, D.C., 27 F.Supp. 724, 725, the District Judge said: "It is apparent from the record and testimony in this case that the plaintiffs' purpose was not to effect a sale or transfer of the stock, but merely to make bookkeeping entries in order to make it appear that a loss had been suffered for the purpose of avoiding tax. In truth the plaintiffs were no poorer after the transaction than they were before. They still had complete control and ownership

of the stock after the purported sale as before.

"I must, therefore, find that plaintiffs' motive and purpose was to employ a device, scheme and artifice to create a fictitious loss for the purpose of avoiding taxes, and that the purported sale was not in fact a sale, transfer, or any bona fide business transaction, hence no deductible loss resulted."

■ On this appeal, it is urged by the appellants that the District Court erred in holding that the losses on their stock sales to the corporation were not deductible on their 1929 income tax returns under Section 23(e) of the Revenue Act of 1928, 26 U.S.C.A. Int.Rev.Acts, page 357; because, they say, upon the predicate that a corporation and its shareholders are separate and distinct taxable entities, that, regardless of tax saving motives, their bona fide sales of stock to their controlled corporation entitled them to deductible losses within the contemplation of the Act.

The determinative question to be answered is, were the individual stock sales to their controlled corporation, by these joint enterprisors owning ninety-five per cent of its stock, made in good faith? The trial court found that they were not. We agree. Our conclusion, drawn from the foregoing synopsis of the facts, is that the evidence abundantly supports the finding below.

The proof sustains the government's contention, stated in its brief, that the "appellants did not intend definitely to part with their legal and beneficial ownership of the stock during the taxable year but intended to and did retain effective control so that they might make up their minds at a later date when to sell or what to do with it."

■ The thin argument advanced that because neither Teer nor Wickwire separately owned a controlling interest prevents an appropriate classification of Teer-Wickwire and Company as a "controlled corporation" within contemplation of law lacks sufficient weight to turn the scales against application here of the familiar doctrine that "taxation is not so much concerned with the refinements of title as it is with actual command over the property taxed—the actual benefit for which the tax is paid." Corliss v. Bowers, 281 U.S. 376, 378, 50 S.Ct. 336, 74 L.Ed. 916; Griffiths v. Commissioner, 308 U.S. 355, 357, 60 S.Ct. 277, 84 L.Ed. 319. Compare Helvering v. Clifford, 309 U.S. 331, 336, 60 S.Ct. 554, 84 L.Ed. 788; Helvering v. Horst, 61 S.Ct. 144, 85 L.Ed. —, decided November 25, 1940.

To surmise, as appellants' counsel would have us do, that upon assumed possibility of future discord the astute unincorporated trading partners and incorporated business operatives, Teer and Wickwire, after together transferring securities to their jointly controlled corporation for admitted purposes of tax evasion, might ever dissolve considerations of common interest in directing the action of their close corporation in its dealings with respect to the transferred stock would stretch imagination beyond the legitimate scope of legal fiction.

Compare Cox v. Commissioner, 10 Cir., 110 F.2d 934–936.

Appellants cite five income tax cases in which three courts of appeals have upheld deductible losses registered by sales to controlled corporations: Commissioner v. Eldridge, 9 Cir., 79 F.2d 629, 102 A.L.R. 500; Commissioner v. McCreery, 9 Cir., 83 F.2d 817; Foster v. Commissioner, 2 Cir., 96 F.2d 130; Jones v. Helvering, 63 App.D.C. 204, 71 F.2d 214; Smith v. Higgins, 2 Cir., 102 F.2d 456.

The first three cases listed above present the basic difference from the situation encountered here that in each of them the court upheld the fact findings of the Board of Tax Appeal; while, in the case at bar, we are asked to reverse the finding of the trial judge that the stock transfers were in fact not bona fide.

■ In Jones v. Helvering, supra, the Court of Appeals for the District of Columbia recognized the established rule that an appellate court will not substitute its own opinion on conflicting evidence for that of the Board of Tax Appeals; but reversed because it found that the uncontradicted evidence was against the finding of the Board. In view of the recent holding in Higgins v. Smith, 308 U.S. 473, 60 S.Ct. 355, 84 L.Ed. 406, decided January 8, 1940, it would seem that the Jones case is no longer authoritative, even though the Supreme Court, on petition for certiorari, declined to review it.

In the last listed case, supra, the Court of Appeals for the Second Circuit was reversed and the District Court affirmed in its action in entering judgment on the verdict of a jury adverse to a taxpayer's claim of deductible losses under Sec. 23(e) of

the Revenue Act of 1932, 26 U.S.C.A. Int. Rev.Acts, page 490, from purported sales of securities to a corporation. Higgins v. Smith, 308 U.S. 473, 60 S.Ct. 355, 84 L.Ed. 406. The Supreme Court found that the taxpayer's continued domination and control of the securities transferred to the ownership of the stockholder's wholly owned corporation, was so obvious as to require peremptory instruction that no loss in the statutory sense resulted to the taxpayer from the sale. It was held that the Government may look to actualities, disregard sham and construe the effect of fiction as best serves the purposes of the tax statute. Lucas v. Earl, 281 U.S. 111, 50 S.Ct. 241, 74 L.Ed. 731, Corliss v. Bowers, 281 U.S. 376, 50 S.Ct. 336, 74 L.Ed. 916, and Griffiths v. Commissioner, 308 U.S. 355, 60 S. Ct. 277, 278, 84 L.Ed. 319, are cited with approval.

In the Griffiths case, supra, the court maintained that there is no real difference between control through specific retention of legal title and through "the interposition of a subservient agency."

Gregory v. Helvering, 293 U.S. 465, 55 S.Ct. 266, 79 L.Ed. 596, 97 A.L.R. 1355, conceded the legal right of a taxpayer to decrease or avoid taxes by means which the law permits, but declared that the question for determination is whether what was done, apart from the tax motive, was the thing which the statute intended.

We think the language of the Supreme Court in the Gregory case is directly applicable here (opinion, 293 U.S. 470, 55 S. Ct. 268, 79 L.Ed. 596, 97 A.L.R. 1355): "The rule which excludes from consideration the motive of tax avoidance is not pertinent to the situation, because the transaction upon its face lies outside the plain intent of the statute. To hold otherwise would be to exalt artifice above reality and to deprive the statutory provision in question of all serious purpose."

Among opinions of Courts of Appeals whose reasoning adds support to the conclusion which we have reached may be noted: Shoenberg v. Commissioner, 8 Cir., 77 F.2d 446; Groves v. Commissioner, 4 Cir., 99 F.2d 179; Commissioner v. Riggs, 3 Cir., 78 F.2d 1004; Wishon-Watson Co. v. Commissioner, 9 Cir., 66 F.2d 52; Continental Oil Co. v. Jones, 10 Cir., 113 F.2d 557. Compare, also, the judgment of our court rendered through Judges Hicks, Simons and Allen, in Embry Realty Company v. Glenn, Collector, 6 Cir., December 11, 1940, 116 F.2d 682.

The judgment of the District Court is affirmed.