## COMMISSIONER OF INTERNAL REVENUE v. ELDRIDGE (two cases).
### Nos. 7818, 7819.

Circuit Court of Appeals, Ninth Circuit.
Nov. 4, 1935.

Frank J. Wideman, Asst. Atty. Gen., and Sewall Key, Lucius A. Buck, and Francis A. Le Sourd, Sp. Assts. to the Atty. Gen., for petitioner.

Thomas N. Fowler, of Seattle, Wash., for respondents.

Before WILBUR, DENMAN, and MATHEWS, Circuit Judges.

MATHEWS, Circuit Judge.

Respondents, A. S. Eldridge and Alice H. Eldridge, husband and wife, residing in the state of Washington, filed separate income tax returns for the year 1929, in each of which there was claimed as a deductible loss resulting from the sale of stocks the sum of $16,552. The Commissioner of Internal Revenue disallowed the deductions and, as a consequence, determined tax deficiencies. The Board of Tax Appeals reversed the Commissioner and held that the deductions should have been allowed. 30 B. T. A. 1322. The Commissioner has petitioned for review. It is conceded that the stocks in question were community property, and that the losses, if any, were community losses. It is therefore stipulated that the decision of this court in No. 7818 shall govern in No. 7819. The facts, as the Board of Tax Appeals found them, are as follows:

Respondents, in 1929, owned all the stock of the Eldridge Buick Company, a corporation engaged in distributing and retailing automobiles. Respondent A. S. Eldridge was president of the corporation. In October, 1929, respondents purchased 1,000 shares of Fox Theatres Corporation stock for $28,500, and 1,000 shares of Carnation Milk Company stock for $39,604, being a total of $68,104. Thereafter, the market price of these stocks having materially declined, respondents became pessimistic as to their future and decided to sell them. In December, 1929, at a conference with an accountant who for a number of years had been employed to handle their accounting and financial matters, the accountant advised respondents to transfer the stocks to the Eldridge Buick Company (hereinafter referred to as the corporation), rather than to sell them in the open market. The accountant suggested this course for the purpose of avoiding payment of brokerage fees and for the further purpose of having the corporation benefit from any rise in the market price; it being the accountant's opinion that the market price would rise. Respondents accepted the accountant's advice and on December 30, 1929, delivered certificates for the stocks to a security company in Seattle, with directions to transfer them to the corporation. The transfers were made as directed, and new certificates were issued in the name of the corporation.

The market value of the Carnation Milk stock on December 30, 1929, was $30,000, and the market value of the Fox Theatres stock was $5,000, being a total of $35,000, which was credited to respondents' personal account with the corporation on December 31, 1929. Respondents received no cash from the corporation. No record of these stock transfers was made on the minute books of the corporation. It had not been the custom to record such matters on the minute books. On one or two previous occasions respondents had transferred other stocks to the corporation. The corporation was at the time of these transfers, and had been for some years prior thereto, a going concern. It was not created or utilized solely for the purpose of reducing taxes. There was no persisting intention on the part of respondents to hold title to the stocks transferred by them to the corporation. They had made a definite decision to sell the stocks, and it was only on the advice of their accountant that they transferred them to the corporation rather than to outside interests. The transfer by respondents to the corporation was a bona fide transfer.

These findings of fact are supported by substantial evidence and are, therefore, conclusive. Burnet v. Leininger, 285 U. S. 136, 138, 52 S. Ct. 345, 76 L. Ed. 665; Phillips v. Commissioner, 283 U. S. 589, 600, 51 S. Ct. 608, 75 L. Ed. 1289; Commissioner v. Gerard (C. C. A.) 75 F.(2d) 542, 544. Since in this case no question is

raised as to the completeness of the Board's findings, our review is limited to questions of law arising therefrom. Old Mission Portland Cement Co. v. Helvering, 293 U. S. 289, 294, 55 S. Ct. 158, 79 L. Ed. 367.

■ Having found the facts as above set forth, the Board held that the corporation was an entity separate and distinct from respondents, and that the transfers by respondents to the corporation resulted in a deductible loss, one-half of which ($16,552) was properly allowed to each respondent. The correctness of this holding is challenged by the Commissioner, his contention being that the separate entity of the corporation should be disregarded, and the corporation and its stockholders treated as one.

This is sometimes done in tax cases (Gregory v. Helvering, 293 U. S. 465, 469, 55 S. Ct. 266, 79 L. Ed. 596, 97 A. L. R. 1355; Gulf Oil Corporation v. Lewellyn, 248 U. S. 71, 72, 39 S. Ct. 35, 63 L. Ed. 133; Southern Pacific Co. v. Lowe, 247 U. S. 330, 337, 38 S. Ct. 540, 62 L. Ed. 1142), but only when warranted by exceptional circumstances. Generally, in tax cases, as in other cases, a corporation and its stockholders are to be treated as separate entities. Burnet v. Clark, 287 U. S. 410, 415, 53 S. Ct. 207, 77 L. Ed. 397; Burnet v. Commonwealth Improvement Co., 287 U. S. 415, 420, 53 S. Ct. 198, 77 L. Ed. 399; Dalton v. Bowers, 287 U. S. 404, 410, 53 S. Ct. 205, 77 L. Ed. 389; Klein v. Board of Supervisors, 282 U. S. 19, 24, 51 S. Ct. 15, 75 L. Ed. 140, 73 A. L. R. 679; United States v. Phellis, 257 U. S. 156, 173, 42 S. Ct. 63, 66 L. Ed. 180; Eisner v. Macomber, 252 U. S. 189, 208, 40 S. Ct. 189, 64 L. Ed. 521, 9 A. L. R. 1570; Lynch v. Hornby, 247 U. S. 339, 344, 38 S. Ct. 543, 62 L. Ed. 1149.

■ The facts found by the Board of Tax Appeals in this case do not, in our opinion, warrant us in disregarding the separate entity of the corporation. The fact that respondents owned all its stock and were in complete control of it is no reason for disregarding its separate entity. Dalton v. Bowers, supra; Burnet v. Commonwealth Improvement Co., supra; United States v. Phellis, supra; Eisner v. Macomber, supra; Jones v. Helvering, 63 App. D. C. 204, 71 F.(2d) 214, 217.

■ It is argued by the Commissioner that the transfers by respondents to the corporation were made for the purpose of establishing a deductible loss for income tax purposes. This, if true, is unimportant. A taxpayer may resort to any legal method available to him to diminish the amount of his tax liability. Gregory v. Helvering, supra; Superior Oil Co. v. Mississippi, 280 U. S. 390, 395, 50 S. Ct. 169, 74 L. Ed. 504; Bullen v. Wisconsin, 240 U. S. 625, 630, 36 S. Ct. 473, 60 L. Ed. 830; Jones v. Helvering, supra.

It is also argued that the personal affairs of respondent A. S. Eldridge and the business affairs of the corporation were so closely "entwined" as to render it impossible to distinguish between them. As demonstrating this, the Commissioner asserts that Eldridge's office was also the corporation's office, that Eldridge and the corporation had the same bookkeeper, accountant, and financial adviser, and that Eldridge handled all his personal accounts through the corporation. The Board of Tax Appeals made no such findings. As previously stated, the findings actually made are supported by substantial evidence and cannot be disturbed.

The decisions of the Board of Tax Appeals are affirmed.