## COMMISSIONER OF INTERNAL REVENUE v. BANK OF CALIFORNIA, NAT. ASS'N.

### No. 7739.

Circuit Court of Appeals, Ninth Circuit.

Dec. 5, 1935.

Frank J. Wideman, Asst. Atty. Gen., and Sewall Key, Norman D. Keller, and Louise Foster, Sp. Assts. to Atty. Gen., for petitioner.

F. D. Madison, Alfred Sutro, Felix T. Smith, and Marshall P. Madison, all of San Francisco, Cal., for respondent.

Before WILBUR, MATHEWS, and HANEY, Circuit Judges.

390

**MATHEWS, Circuit Judge.**

Respondent collected and received, in 1928 and 1929, the interest on certain bonds held by it, all of which were, as to principal and interest, exempt from federal taxation. In respondent's income tax returns for 1928 and 1929, the interest on these bonds was not included as taxable income. The Commissioner of Internal Revenue held that it should have been so included, and accordingly determined deficiencies in respondent's income taxes for those years in the aggregate amount of $4,060.28. Respondent petitioned the Board of Tax Appeals for a redetermination. The Board reversed the Commissioner and held that there was no deficiency. 30 B.T.A. 556. The Board's decision is now before us for review.

The bonds in question were acquired by respondent from R. H. Moulton & Co. by bills of sale, absolute on their face, purporting to transfer and assign the bonds to respondent at prices therein specified. The bonds were paid for and delivered in accordance with the bills of sale. The Commissioner asserts that, although, in form, these transactions were purchases and sales of bonds, they were intended to be and were, in fact, loans of money by respondent to R. H. Moulton & Co., secured by pledge of the bonds in question, and that the bonds never were, in fact, the property of respondent. Respondent asserts that the transactions were, in fact, what they purported to be, namely, purchases and sales of bonds, which thereby became and were respondent's property.

The issue thus presented is one of fact, which the Board of Tax Appeals has decided in favor of respondent. The Board found that the transactions referred to were actual purchases, not loans of money secured by pledge, and that the bonds belonged to and were the property of respondent. This finding is supported by substantial evidence and is, therefore, conclusive. Burnet v. Leininger, 285 U.S. 136, 138, 52 S.Ct. 345, 76 L.Ed. 665; Phillips v. Commissioner, 283 U.S. 589, 600, 51 S.Ct. 608, 75 L.Ed. 1289; Commissioner v. Gerard (C.C.A. 9) 75 F.(2d) 542, 544; Commissioner v. Eldridge (C.C.A. 9) 79 F.(2d) 629, decided November 4, 1935.

There is no other question in the case.

Decision affirmed.