HOLMBY CORPORATION v. COMMISSIONER OF INTERNAL REVENUE.*
No. 7969.

Circuit Court of Appeals, Ninth Circuit.
April 27, 1936.

Thomas R. Dempsey and A. Calder Mackay, both of Los Angeles, Cal., for petitioner.

Robert H. Jackson, Asst. Atty. Gen., and Sewall Key and Joseph M. Jones, both of Washington, D. C., for respondent.

Before WILBUR, MATHEWS, and HANEY, Circuit Judges.

MATHEWS, Circuit Judge.

This petition brings here for review a decision of the Board of Tax Appeals (28 B.T.A. 1092), redetermining petitioner's in-

*Rehearing denied June 8, 1936.

come tax liability for the year 1926. The facts are these:

Petitioner was the owner of 49,995 shares of the capital stock of the Broadway Department Store, a corporation, hereinafter called "Broadway." The cost basis of petitioner's Boardway stock was $7,269,195. Broadway was disincorporated and completely liquidated in 1926. It made three distributions to its stockholders in that year. Petitioner received, in the first distribution, $2,499,750; in the second, $574,025.03; in the third, $5,010,293.09; in all, $8,084,068.-12.

It was and is petitioner's contention that the first and second distributions were "dividends," that the third was a liquidation distribution, constituting full payment in exchange for all outstanding Broadway stock, and that, therefore, instead of realizing a profit from the redemption of its Broadway stock, petitioner sustained a loss of $2,258,901.91. The Board rejected this contention and held that all three distributions were liquidation distributions, constituting, in the aggregate, full payment in exchange for all outstanding Broadway stock, and that, therefore, instead of sustaining a loss from the redemption of its Broadway stock, petitioner realized a profit of $814,873.12, in consequence of which there was a deficiency of $270,820.13 in its income tax for 1926.

The case is governed by subdivisions (a–c) and (h) of section 201 of the Revenue Act of 1926, c. 27, 44 Stat. 10, 11, 26 U.S.C.A.1925 Edition, § 932. Subdivision (a) provides: "The term 'dividend' when used in this title [Title II][1] * * * means any distribution made by a corporation to its shareholders, whether in money or in other property, out of its earnings or profits accumulated after February 28, 1913."

Subdivision (b) provides: "For the purposes of this Act every distribution is made out of earnings or profits to the extent thereof, and from the most recently accumulated earnings or profits. * * *"

Subdivision (c) provides: "Amounts distributed in complete liquidation of a corporation shall be treated as in full payment in exchange for the stock, and amounts distributed in partial liquidation of a corpora-

tion shall be treated as in part or full payment in exchange for the stock. *. * * In the case of amounts distributed in partial liquidation * * * the part of such distribution which is properly chargeable to capital account shall not be considered a distribution of earnings or profits within the meaning of subdivision (b) of this section for the purpose of determining the taxability of subsequent distributions by the corporation."

Subdivision (h) provides: "As used in this section the term 'amounts distributed in partial liquidation' means a distribution by a corporation in complete cancellation or redemption of a part of its stock, or one of a series of distributions in complete cancellation or redemption of all or a portion of its stock."

The Board found, as facts, that the distributions here in question were not made "in the ordinary course of business," that each of said distributions was "in partial liquidation of a corporation" [Broadway], and that each was "one of a series of distributions in complete cancellation and redemption" of all the stock of said corporation. These findings are supported by substantial evidence and are, therefore, conclusive. Burnet v. Leininger, 285 U.S. 136, 138, 52 S.Ct. 345, 76 L.Ed. 665; Phillips v. Commissioner, 283 U.S. 589, 600, 51 S.Ct. 608, 75 L.Ed. 1289; Commissioner v. Bank of California (C.C.A.9) 80 F.(2d) 389, 390; Commissioner v. Eldridge (C.C.A.9) 79 F. (2d) 629, 630, 102 A.L.R. 500; Commissioner v. Gerard (C.C.A.9) 75 F.(2d) 542, 544.

On the facts, as found, the Board's conclusion that the distributions in question were not "dividends," but were distributions in liquidation of a corporation, was clearly correct. The fact that the distributions were called "dividends" and were made, in part, from earnings and profits, and that some of them were made before liquidation or dissolution proceedings were commenced, is not controlling. Hellmich v. Hellman, 276 U.S. 233, 236, 48 S.Ct. 244, 72 L.Ed. 544, 56 A.L.R. 379; Canal-Commercial Trust & Savings Bank v. Commissioner (C.C.A.5) 63 F.(2d) 619, 620; Gossett v. Commissioner (C.C.A.4) 59 F.(2d) 365, 367; Tootle v. Commissioner (C.C.A.8) 58 F. (2d) 576, 580. The determining element is

---

[1] Article 1541 of Regulation 69, Revenue Act of 1926, provides: "Dividends for the purpose of Title II comprise any distribution in the ordinary course of business, even though extraordinary in amount, made by a domestic or foreign corporation to its shareholders out of its earnings or profits accumulated since February 28, 1913. * * *"

550

whether the distributions were in the ordinary course of business and with intent to maintain the corporation as a going concern, or after deciding to quit and with intent to liquidate the business. Canal-Commercial Trust & Savings Bank v. Commissioner, supra. On that issue, the Board's findings were against petitioner, and, being supported by substantial evidence, are conclusive.

Decision affirmed.