## BUCK et al. v. COMMISSIONER OF INTERNAL REVENUE. *
### No. 8060.

Circuit Court of Appeals, Ninth Circuit.
April 27, 1936.

*Rehearing denied June 8, 1936.

Norman A. Eisner, of San Francisco, Cal., for petitioners.

Robert H. Jackson, Asst. Atty. Gen., and J. Louis Monarch, Edward F. McMahon, and A. F. Prescott, Sp. Assts. to the Atty. Gen., for respondent.

Before WILBUR, MATHEWS, and HANEY, Circuit Judges.

MATHEWS, Circuit Judge.

Petitioners seek review of a decision of the Board of Tax Appeals which determined that there were deficiencies in the income taxes of Industrial Solvents Corporation (hereinafter called the taxpayer) for the fiscal years ending November 30, 1927, 1928, and 1929, and sustained proposed assessments thereof against petitioners as transferees of the taxpayer. That petitioners are such transferees and, as such, liable for any tax deficiency properly chargeable to the taxpayer, is not questioned in this court. The question here is whether there was any such deficiency.

The taxpayer was engaged in the manufacture and sale of industrial alcohol. The alcohol was sold and delivered in steel drums. The cost of the drums to the taxpayer was between $4 and $4.25 each. The average life of a drum was about four years. The taxpayer maintained an inventory of all drums on hand, including those in the possession of its customers. Their total number averaged between 8,000 and 9,000 during each of the years in question. In its income tax return for each of those years the taxpayer treated as its property, used in its trade or business, all the drums so inventoried, whether in its hands or in the hands of its customers, and accordingly, in computing its net income, claimed deductions for depreciation thereon at the rate of $1 per drum per year. The Board disallowed the deductions and, as a consequence, determined the deficiencies here in question. Whether the deductions were proper or improper is the sole question to be decided.

Section 234 (a) of the Revenue Act of 1926, c. 27, 44 Stat. 41, provides: "In computing the net income of a corporation subject to the tax * * * there shall be allowed as deductions: * * * (7) A reasonable allowance for the exhaustion, wear and tear of property used in the trade or business, including a reasonable allowance for obsolescence." Section 23 (k) of the Revenue Act of 1928, c. 852, 45 Stat. 799, 26 U.S.C.A. § 23 (*l*) and note, contains a similar provision.

Were the steel drums here involved property used in the taxpayer's trade or business, within the meaning of section 234 (a) of the Revenue Act of 1926 and section 23 (k) of the Revenue Act of 1928, and were they still such property after being delivered to, and while in the hands of, the taxpayer's customers, or were they goods and merchandise which the taxpayer sold, and which, when sold, became the property of its customers?

When the taxpayer sold alcohol, the drums containing it were invoiced to the customer at $6 each. The taxpayer's ledger containing the customer's account showed, on the same page, a debit for alcohol in one column, a debit for drums at $6 each in another column, and the total debit balance in a third column. If and when the drums were returned to the taxpayer, a credit memorandum was issued and the customer's account was credited with $6 per drum. In some instances the customer paid for the drums when he received them, but the usual practice was to charge them to the customer's account. If, when the drums were returned, the customer's account, including the charge for drums, had been fully paid, the taxpayer thereupon paid the customer $6 for each drum so returned. The customer was not obligated to return the drums, but the taxpayer was obligated to receive them, if returned, and to give credit or make payment to the customer of $6 per drum.

The Board found, as facts, that the drums were sold by the taxpayer to its customers at the agreed price of $6 per drum; that they were to be and, when

returned, were repurchased by the taxpayer at the same price; and that, although returnable, they were not the property of the taxpayer while in the possession of its customers. These findings are supported by substantial evidence, and are therefore conclusive. Burnet v. Leininger, 285 U.S. 136, 138, 52 S.Ct. 345, 76 L.Ed. 665; Phillips v. Commissioner, 283 U.S. 589, 600, 51 S.Ct. 608, 75 L.Ed. 1289; Commissioner v. Bank of California, Nat. Ass'n (C.C.A.9) 80 F.(2d) 389, 390; Commissioner v. Eldridge (C.C.A.9) 79 F.(2d) 629, 630, 102 A.L.R. 500; Commissioner v. Gerard (C.C.A.9) 75 F.(2d) 542, 544.

On the facts, as found, we must and do hold that the drums were not property used in the taxpayer's trade or business, within the meaning of section 234 (a) of the Revenue Act of 1926 and section 23 (k) of the Revenue Act of 1928, but were goods sold to and repurchased from the taxpayer's customers, and that therefore the claimed deductions for depreciation were not allowable. Compare LaSalle Cement Co. v. Commissioner (C.C.A.7) 59 F.(2d) 361, 362; Dewey Portland Cement Co. v. Crooks (C.C.A.8) 57 F.(2d) 499, 501; Leggett & Platt Spring Bed Co. v. Crooks (D.C., W.D.Mo.) 34 F.(2d) 492, 493.

Decision affirmed.