## HORN & HARDART BAKING CO. v. UNITED STATES.

### No. 646 Civil.

District Court, E. D. Pennsylvania.

Aug. 21, 1940.

Wolf, Block, Schorr & Solis-Cohen (by Nathan Silberstein), all of Philadelphia, Pa., for plaintiff.

J. Cullen Ganey, former U. S. Atty., and Thomas J. Curtin, Asst. U. S. Atty., both of Philadelphia, Pa., and Julian G. Gibbs, Sp. Asst. to Atty. Gen., for defendant.

WELSH, District Judge.

This case presents a single issue as to whether a dividend paid by the Automat Company to Horn & Hardart Baking Company on June 15, 1929, was in the nature of a liquidating dividend or one declared in the ordinary course of a going business. The facts and circumstances are set forth in stipulations constituting the sole evidence, and from which we find the following pertinent facts:

The plaintiff seeks to recover $1,515.75 with interest, representing a portion of its income tax for the fiscal year ending September 30, 1930, a claim for refund having been made by the plaintiff and rejected by the Commissioner of Internal Revenue. In 1902 the Automat Company, lessor, leased to Horn & Hardart, lessee, the automatic equipment installed in an automat restaurant located at 818 and 820 Chestnut Street, Philadelphia, under the terms of a lease which required the payment of 50% of the net earnings of the restaurant

as rent. The lease remained in force until terminated by the lessee in pursuance of a formal notice given on July 5, 1927, in which the lessee declared its intention to deliver the equipment to the lessor on October 21, 1927, and thereafter to render a final accounting.

The capital stock of the Automat Company consisted of 200 shares, $50 par value, of which 59½ shares had been acquired by Horn & Hardart prior to 1928. In January and February of 1928 the remaining 140½ shares were acquired by Horn & Hardart at a total cost of $65,834.45, which acquisitions made Horn & Hardart the sole stockholder of the Automat Company. On September 24, 1928, the Automat Company paid a dividend of $58,000 out of 1928 earnings. On June 15, 1929, Automat Company declared and paid a dividend of 60 shares of the Horn & Hardart Company which it owned and which were then valued at $12,900. On September 23, 1929, a liquidating dividend was declared of $6,000, and on June 3, 1930, a resolution was adopted authorizing the dissolution of the Automat Company and final distribution of surplus to its sole stockholder, Horn & Hardart. A further liquidating dividend of $3,750 was paid on June 19, 1930, and a final dividend of $226.29 on July 18, 1930.

There were no minutes referring to dissolution prior to June 3, 1930, and the first reference to liquidation in the minute book was the resolution authorizing the liquidating dividend passed on September 23, 1929.

D. Hays Solis-Cohen, Esq., a director, secretary and counsel for the Automat Company, gave testimony which is included in the stipulation, to the effect that there were no informal discussions of dissolution prior to the meeting of September 23, 1929, and that although consideration had been given to a plan for having the Automat Company function as a holding company for the Horn & Hardart establishments in New Jersey, this idea was abandoned on September 23, 1929. The consideration which moved the directors of the Automat Company to declare the dividend of 60 shares of Horn & Hardart was the fact that Horn & Hardart had become the sole stockholder of Automat Company and its directors saw no purpose in having its stock held by the subsidiary, Automat Company.

In 1928 Horn & Hardart received dividends of $58,000 and rental of $78,572.39

from the Automat Company, and had a net income of $69,755.66 for the year. The net income, however, dropped to $483.95 in 1929 and to $300.52 in 1930 following the termination of the restaurant lease.

The plaintiff claims as a deduction in 1930 the loss alleged to have been sustained upon the liquidation of its stockholdings in the Automat Company, and computes that loss as the difference between the cost of 140½ shares of Automat Company $65,834.45, and the total amount it received as liquidating dividends $9,976.29, without including as a liquidating dividend the 60 shares of Horn & Hardart stock received on June 15, 1929. The defendant contends that the dividend of 60 shares of Horn & Hardart stock valued at $12,900 was actually a liquidating dividend and that the plaintiff's claim for deductible loss should be reduced by that amount.

Section 115 (a) of the Revenue Act of 1928, 26 U.S.C.A. Int.Rev.Acts, page 384, defines a dividend as a distribution made by a corporation to its shareholders, whether in money or other property, out of its earnings or profits, and declares (b) that every distribution is made out of earnings or profits to the extent thereof and from the most recently accumulated earnings or profits. (c) Amounts distributed in liquidation shall be treated as in full payment in exchange for the stock, and the gain or loss to the distributee resulting from such exchange shall be the full difference between the amount paid for the shares and the amount received by it in liquidation.

From the facts stipulated, we must determine whether the dividend of 60 shares of Horn & Hardart stock declared on June 15, 1929, was made in pursuance of an intention or informal plan to liquidate the Automat Company. Liquidation is generally deemed to be the operation of winding up the affairs of a corporation by realizing upon its assets, paying the liabilities, and appropriating the amount of its surplus or loss. There must be a manifest intention to liquidate and a continuing purpose to terminate the affairs and dissolve the corporation, and its activities must be directed and confined to that object. Liquidation cannot be brought about by a mere declaration and the question of whether a corporation is in liquidation is one of fact to be determined by the evidence of the corporation's activities. It is not a technical status which can be assumed or discarded at will by the adoption

of a resolution, but it is an existing condition which is brought about by affirmative action, the normal and necessary result of which is the winding up of the corporation business. W. E. Guild v. Commissioner, 19 B.T.A. 1186. The adoption or failure to adopt a resolution of dissolution or liquidation is not controlling or determinative. Kennemer v. Commissioner, 35 B.T.A. 415; Id., 5 Cir., 96 F.2d 177. The fact that a resolution to dissolve has not been adopted at the time of distribution does not of itself prevent a distribution from constituting a liquidating dividend, the determining element being whether the distribution was made with the intent to maintain the corporation as a going concern or with the intent to liquidate the business. Holmby Corp. v. Commissioner, 28 B.T.A. 1092; Id., 9 Cir., 83 F.2d 548, 549.

The plaintiff argues that there is no evidence of an intent to liquidate and that therefore the distribution of the stock was a dividend made in the ordinary course of business by a going concern. There was no formal resolution or declaration in the minutes of the corporation indicating an intention to liquidate, the dividends were paid out of earnings, and the distribution resulted in no impairment of the capital. It also urges, as evidence of an intention not to liquidate, the fact that prior to September 23, 1929, consideration had been given to the prospective use of the Automat Company as a holding company. The plaintiff does not aver, however, that such plan was determined upon and later abandoned or that any steps were ever taken looking to the conversion of the Automat Company for that purpose.

The defendant maintains that the entire course of conduct of the Automat Company and its sole stockholder, the plaintiff herein, establishes that there was a general plan adopted with the view to the ultimate liquidation of the Automat Company and that such plan was actually put into effect. The facts and circumstances relied upon by the defendant to show such intention include the sending of notice on July 5, 1927, to terminate the lease and the subsequent actual termination in 1928 accompanied by the surrender of the equipment. Following the notice to terminate the lease, and in January and February, 1928, the plaintiff acquired all of the outstanding stock of the Automat Company at a price which presumably included the potential dividends to which it would be entitled in case of liquidation. The capital assets and the business of the Automat Company were entirely disposed of in 1928. Having terminated the lease and acquired possession of the equipment, the plaintiff also having acquired all of the stock of the Automat Company, the first of the assets distributed was the 60 shares of Horn & Hardart stock. Slightly more than three months thereafter and without adopting any formal resolution for liquidation or dissolution, the plaintiff caused its subsidiary corporation to declare a partial liquidating dividend. This was followed with reasonable promptness by a further and a final liquidating dividend.

This sequence of events appears to have been the result of a preconceived plan to liquidate and to do away with the plaintiff's subsidiary corporation. The facts sufficiently establish that the actions of the Automat Company on and after July 5, 1927, had as their sole purpose the winding up of its affairs, the liquidation of its assets and the distribution of the surplus to the parent company. In 1928 and 1929 the plaintiff received cash dividends of $58,000, Horn & Hardart stock valued at $12,900, and also received liquidating dividends of $9,976.29, or a total of $80,876.29. The total cost of the capital stock was $68,809.45, and the difference between the amount received and the cost, disregarding the technical questions raised, was $12,066.84. In view of all the circumstances, we are not inclined to favor the plaintiff's argument that there was a technical loss of $12,900 greater than the amount allowed by the Commissioner. It is not important to determine whether there was a technical impairment of capital inasmuch as the facts indicate that the distribution of the Horn & Hardart stock was not made in the ordinary course of business and with the intent to maintain the corporation as a going concern. On the contrary, such distribution, together with the other circumstances present, indicates a decision on the part of the corporation, its directors and stockholder, to liquidate the business, and that this distribution was actually followed by formal action to that end. We therefore find that the distribution of 60 shares of Horn & Hardart stock on June 15, 1929, was in the nature of liquidating dividend and that the value of such shares must be applied to reduce the deductible loss claimed by the plaintiff on its investment in the Automat Company stock.

The requests of the respective parties for findings of fact and conclusions of law are affirmed insofar as they conform herewith and are denied in all respects in which they differ with our findings and conclusions.

Verdict for defendant.