## Urschel *v.* Stone.

(In Banc. March 26, 1945. Suggestion of Error Overruled May 14, 1945.)

[21 So. (2d) 466. No. 35820.]

Bridgeforth & Love, of Yazoo City, for appellant.

J. H. Sumrall, of Jackson, for appellee.

**Alexander, J.,** delivered the opinion of the court.

Appellant filed return for income tax for the year 1942, disclosing a net loss of $12,605.62. Attached to the return were schedules showing an income of $143,849.73, against which depletion allowances were claimed in the amount of $155,028.74. The State Tax Commission made demand for additional tax under a proposed assessment which, by reducing the allowable depletion and depreciation to $23,287.91, increased the taxable income to $119,135.21. Appellant filed petition with the Commission, praying cancellation of the demand. After a hearing thereon and denial of the petition, appeal was taken to the chancery court, Code 1942, Sec. 9252. From a decree affirming the findings of the Commission and fixing tax liability at $7,834.46, with interest from March 15, 1942, an appeal is prosecuted to this Court.

We are spared the hardship incident to exploration through a morass of minutiae, for the parties agree on the correctness of the respective computations. Appellant was president of and owned 29.17 per cent of the stock in the Slick-Urschel Oil Company, a corporation organized in 1940. The other stockholders were his son, a stepson, and a fourth party who was the operator in charge of production. For reasons of their own the stockholders dissolved the corporation December 31, 1941. Thereupon all assets of the corporation became vested in the stockholders as tenants in common in proportion to their respective stock holdings, Code 1942, Sec. 5354.

At. the time of the dissolution the net book value of the assets based on cost to the corporation was $363,283.30. It was upon this basis that depletion and depreciation allowances had theretofore been computed.

It is the contention of appellant that the liquidation value of these assets is in fact $1,723,718.56. This total represents a valuation of all property items identical with the book values carried by the corporation, with the exception that the book value of the Oil and Gas Properties, $246,736.67, was increased to a "liquidation value" of $1,607,171.93. Depletion and depreciation were computed upon this liquidation value. Here, then, is the crux of the matter. Simply stated, the taxpayer claims that in surrendering his stock he has, in effect, purchased assets at a cost represented by the actual value of his stock as computed from the appraisal of its actual appreciated value. The Commission insists that depletion and depreciation of oil wells must be based upon cost, Code 1942, Sec. 9228(8), and that the book value continues to represent its cost. We find the latter the only tenable view.

The automatic transfer or investing of ownership in a stockholder upon dissolution is not a sale to the stockholder. There are times when the fiction of corporate entity is to be ignored, especially when, as here, the transactions are between the parties as stockholders and themselves as individuals. 18 C. J. S., Corporations, sec. 6; 13 Am. Jur., Corpus, Sec. 7. Nor is the actual value of the property at such time its "cost" to him. Had appellant been the sole owner of the corporation, it would be difficult for a realistic mind to construct the fiction of a sale out of a situation where, after appellant had been disrobed of his corporate vestments, he held his assets merely in another hand. Such was in fact the situation in Gregory v. Helvering, 293 U. S. 465, 55 S. Ct. 266, 268, 79 L. Ed. 596, 97 A. L. R. 1355, and was condemned as "an elaborate and devious form of conveyance masquerading as a corporate reorganization, and nothing else."

The taxpayer here is protected against being charged with a taxable gain through the transfer to him of property at an appreciated value. Code 1942, Sec. 9232(3). He should likewise be denied the privilege of computing a nontaxable loss on the same basis. See Commissioner of Internal Revenue v. Court Holding Co., 65 S. Ct. 707.

We are controlled by the principles announced in State Tax Commission v. Love Petroleum Co., 197 Miss. 277, 19 So. (2d) 923. The transfer by reorganization in that case is no less free from attributes of a sale than the transfer by dissolution here. If it were otherwise, a taxpayer could, by such repeated transformations into and out of corporate ownership, perpetually avoid liability. Even as in the Love Petroleum case the form was a mere change in the color and character of the stock certificate, while the substance remains a continued ownership, so here the form is the substitution of a stock certificate for some other evidence of participation in the common tenancy of a joint venture, and the substance is likewise an ownership of property whose cost had theretofore been determined.

We do not discredit the practice nor challenge the motives for casting and recasting ownership from individual to corporate form. However, our attention is not to be distracted by mere changes in the evidence by which such ownership is identified.

The following cases are illustrative of conclusions in harmony with the views herein expressed and which see clearly through the changing forms which are effected by incorporation, dissolution, reorganization, and liquidation and focus attention upon that which is substance. Gregory v. Helvering, 293 U. S. 465, 55 S. Ct. 266, 79 L. Ed. 596, 97 A. L. R. 1355; Minnesota Tea Co. v. Helvering, 302 U. S. 609, 58 S. Ct. 393, 82 L. Ed. 474; Higgins v. Smith, 308 U. S. 473, 60 S. Ct. 355, 84 L. Ed. 406; Commissioner of Internal Revenue v. Court Holding Co., supra; Gloyd v. Commissioner of Internal Revenue, 19 B. T. A. 966, cited by appellant, has been considered. By its failure

to compute the depletion upon cost, it runs counter both to our statute and to the views expressed in the Love Petroleum case.

The strain to which ordinary words must be subjected to conform to appellant's contention impairs their power to resist the combined forces of logic and realism which oppose them.

Affirmed.