CROWN BEVERAGES, INC., Plaintiff and Appellant, *v.* RAFAEL BUSCAGLIA, TREASURER OF PUERTO RICO, Defendant and Appellee.

No. 9192.   Argued February 7, 1946.—Decided March 19, 1946.

*James R. Beverley, R. Castro Fernández,* and *José López Baralt* for appellant. *E. Campos del Toro, Attorney General,* and *Nilita Vientós Gastón, Attorney of the Department of Justice,* for appellee.

MR. JUSTICE SNYDER delivered the opinion of the court.

Crown Beverages, Inc., sued the Treasurer for refund of excise taxes. The district court entered judgment in its favor as to some items and dismissed the complaint as to others. The plaintiff appealed from the latter portion of the judgment.

## I

■■ Section 83 of the Internal Revenue Law [1] provided that the 2% sale or use tax "prescribed by Sections 62 and 16a of this Act shall not attach to: . . . (11) The sale, use, or consumption of such articles, either imported or manufactured in the country, as are utilized as containers or in the presentation or preparation of products to be used for sale or for export, provided that the said articles pass with the product into the possession of the purchaser." The plaintiff brought into Puerto Rico empty bottles and cases which it used to bottle and sell Coca Cola, ginger ale and club soda. And it contended that these bottles and cases were exempt from excise taxes under § 83.

The district court rejected this contention on two grounds: (1) if one of the conditions for exemption under § 83 is that title to the container must pass to the purchaser, the exemption does not apply here because under the facts of this case title to the bottles and cases was reserved by the vendor and did not pass to the purchaser; (2) in any event, § 83 was not drawn with the idea of making either the reservation or the passage of title to the containers the determining factor as to the applicability of the exemption. Rather the Legis-

---

[1] Act No. 85, Laws of Puerto Rico, 1925 (p. 584), as amended by Act No. 83, Laws of Puerto Rico, 1931 (p. 504); Act No. 4, Laws of Puerto Rico, 1939, Special Session (p. 16).

lature established as the test that, irrespective of the reservation or passage of title, the exemption shall apply only where the container passes definitively into the possession of the purchaser with no prospect that it will be reacquired by the vendor for re-use. And since these bottles and cases passed into the possession of the purchasers only provisionally, the exemption provided in § 83 did not apply thereto.[2]

On the first point, the plaintiff contends that "the evidence showed that. . . title to both the product and the container passes to the purchaser at the time the sale is made, with the right of the purchaser to return the container and the obligation of the plaintiff appellant to take it back if it is in good condition." This contention is based on testimony that in 1940 the plaintiff made certain changes in its mode of operations, accounting system and invoices.

Prior to 1940 bottles and cases in the hands of customers were carried on the books of the plaintiff as an asset, with a depreciation account for breakage or failure to return. Deposits were sometimes—but not always, because of competitive conditions—required to guarantee returns. However, with or without deposits, most of the bottles and cases were returned to employees of the plaintiff on their daily visits to its customers.

After the new system was installed in 1940, the bottles and cases were not listed as assets; instead, they were considered as materials which formed part of the product. Nevertheless, even under the new system in practice most of the empty

---

[2] The opinion of the lower court on this point, stated somewhat succinctly, reads as follows: "The testimony shows that the plaintiff reserves title to the boxes and bottles which contain its soft drinks, and requires their return by the purchaser, this return being guaranteed by a deposit which is returned to the purchaser upon receipt of the containers by the plaintiff. There is not the slightest doubt, therefore, that the containers do not pass definitively into the possession of the purchaser, who only has them in his possession provisionally. We understand that the phrase 'pass with the product into the possession of the purchaser' refers to the ordinary case in which the purchaser acquires the container definitively, and that it is therefore not applicable to the case of the bottles and cases of the plaintiff."

bottles and cases are surrendered by the customer at the time of new deliveries, in some cases just as under the old system with a permanent deposit in the hands of the seller to take care of breakage or loss.

The invoices used under the old system contained a notice to the buyer that he was not purchasing the bottles and cases and that he was committed to return them or pay a reasonable amount therefor. The plaintiff asserts that this system has been abandoned and outright purchase of the bottles and cases by the buyer now takes place. But this is not borne out by the new invoices which contain a statement that ownership of the bottles does not pass to the purchaser.[3] Cf. *Wichita Coca Cola Bottling Co.* v. *United States*, 152 F.(2d) 6 (C.C.A. 5th, 1945).

The testimony of the plaintiff does not satisfy us that the district court erred in holding that even under the new system the plaintiff reserved title to the bottles and cases. Nor do we find in point in view of the facts herein the authorities cited by the plaintiff[4] to sustain its contention that subsequent to 1940 title passed to the purchaser under contracts of sale or return.

We are also in agreement with the second reason given by the lower court for denying this claim for refund. We are convinced that under the language of § 83 neither reservation nor passage of title was meant to be the controlling feature as to the applicability of the exemption. We believe as did the district court that § 83 was intended to exempt from taxation only containers which it could be demonstrated passed

---

[3] This statement reads as follows: ''Notice: In the case of bottles and cases stamped, branded or marked with undersigned company's name or trade marks, actual ownership does not pass although a charge for such bottles and cases may have been made and paid; any such charge merely being in the nature of a deposit to insure the return of such bottles and cases, which deposit will be refunded by the company when the bottles and cases are returned in good condition by original purchaser.''

[4] Annotation, 52 A.L.R. 589; *In re Allen*, 183 F. 172 (Ark. 1910); *Buck* v. *Commissioner of Internal Revenue*, 83 F.(2d) 627 (C.C.A. 9th, 1936); *People* v. *Cannon*, 34 N.E. 759, 764 (N.Y. 1893); §§ 1363, 1631–2, Civil Code, 1930 ed.

irretrievably from the hands of the seller without any arrangement existing at the time of the sale that the seller would or could subsequently regain possession of the container for re-use by the seller. It seems clear to us that the exemption was intended to benefit those whose .products required containers which, by their fragile nature or for some other practical or legal reason, are likely to be used only once. "To pass with the product" in this context means that when delivering the product the seller, regarding them as expendable, has no immediate hope of reacquiring the container for re-use. Cf. *Puerto Rico Paper Bag Co.* v. *Sancho, Treas.*, 53 P.R.R. 738; *Puerto Rico Ilustrado, Inc.* v. *Buscaglia, Treas.*, 64 P.R.R. 870. And since the plaintiff has under both the old and new system operated at all times under a practice whereby it regains possession of its bottles and cases for re-use, these containers do not pass into the possession of the purchasers within the meaning of § 83.

We therefore conclude that on both the grounds advanced by the district court the bottles and cases are not exempt by virtue of § 83 from the 2% tax which the plaintiff must pay once only pursuant to § 16a of the Internal Revenue Law. The district court did not err in refusing to refund the $1,772.33 in taxes and interest and $148.00 in penalties paid for the bottles and cases.[5]

## II

The next question is whether enameled metal signs which the plaintiff brought into Puerto Rico to advertise their products are electrical apparatuses for lighting, which are taxed at 10% under paragraph 19 of § 16 of the Internal Revenue Law.[6] The lower court stated that the Treasurer

---

[5] The exemption in question clearly does not apply to the facts of this case. But even if it were doubtful, we could not decide in favor of the plaintiff. "Tax exemptions cannot be inferred; they must be specifically provided for in plain and unambiguous language." *Puerto Rico Ilustrado, Inc.* v. *Buscaglia, Treas., supra,* p. 874.

[6] Act No. 85, as amended oy Act No. 108, Laws of Puerto Rico, 1936.

reached "the surprising conclusion" that the signs were taxable under paragraph 19 "by virtue of the fact that two metal arms are attached to the sign to hold up two reflectors in which bulbs can be placed to illuminate the sign. The sign is not an 'apparatus for lighting', but an object that can be illuminated, just as the room from the ceiling of which there hangs an electrical fixture is not an 'apparatus for lighting'. But in the same way as the electrical fixture which hangs from the ceiling of the room is an electrical apparatus for lighting, although it lacks a bulb and wire, we understand that in this case the reflectors and the arms which hold them up are electrical apparatuses. The testimony offers no basis to determine what part of the tax which has been paid corresponds to the value of the sign and what part to the reflectors and arms which hold them up. The judgment will provide that the defendant ascertain the value of the reflectors and the arms, calculate the corresponding tax, and refund to the plaintiff the part of the tax which corresponds to the value of the sign, with the corresponding interest."

The plaintiff insists here that the arms and reflectors, as well as the signs themselves, are not covered by paragraph 19. It argues that they are a part of the sign, and that only the electric wire, socket and bulb come within the meaning of electrical apparatuses. But the purpose of the arms and reflectors is to illuminate the sign. It may be that they could conceivably be used for other purposes; but that is immaterial here. It is enough that they were introduced to be used and were used exclusively as a necessary part of an illuminating device. As such they are electrical apparatuses for lighting. The district court therefore did not err in refusing to refund that part of the $877.54 in taxes and interest and $80.00 in penalties attributable to the reflectors and arms.

## III

The district court also held that certain heavy industrial machinery was taxable at 10% pursuant to paragraph 27 of

§ 16 of the Internal Revenue Law, as amended by Act No. 108, Laws of Puerto Rico, 1936, and refused to order the refund of $9,190.26 in taxes and interest and penalties of $31.00. Both parties agree that this was erroneous in view of our holdings in *Compañía Cervecera de Puerto Rico, Inc.* v. *Buscaglia, Treas.*, 64 P.R.R. 916, and *Puerto Rico Ilustrado, Inc.* v. *Buscaglia, Treas.*, *supra.* However, there is a dispute as to whether the plaintiff had already paid pursuant to § 16a the 2% tax which we have held applied to such machinery, before it was required to pay the sums claimed here. When we return the case to the district court for calculation of the taxes under II, this question should also be determined. If the 2% tax was not paid, it should be withheld from the money to be refunded herein.

The judgment of the district court will be modified in accordance with III. As thus modified, the judgment will be affirmed, and the case remanded for calculation of the amount to be refunded in accordance with this opinion.

Mr. Justice Córdova did not participate herein.