HEWGLEY v. STONE, STATE TAX COM'R.

(In Banc. Oct. 28, 1946. Suggestion of Error Overruled Dec. 9, 1946.)

[27 So. (2d) 693. No. 36174.]

B. L. Tighe, Jr., of Jackson, for appellant.

J. H. Sumrall, of Jackson, for appellee.

Argued orally by **B. L. Tighe, Jr.**, for appellant, and by **J. H. Sumrall**, for appellee.

**McGehee, J.**, delivered the opinion of the court.

This case is controlled by the principles announced in the case of the State Tax Commission v. Love Petroleum Co., 197 Miss. 277, 19 So.(2d) 923, and by the decision in the case of Urschel v Stone, 198 Miss. 105, 21 So. (2d) 466, unless the appellant is entitled to a reversal of the decision of the trial court herein upon the theory that on the appeal in the Urschel case, which likewise involved a claim for a deductible allowance on income tax for depreciation and depletion on these same oil and gas properties, the attention of this Court was not called to the contention now made by the appellant to the fact that he, as a non-resident, received his undivided interest in the assets of the Slick-Urschel Oil Company, a Delaware corporation, upon the dissolution of the said corporation, as a liquidating dividend.

In support of the contention that his undivided share in the assets of this dissolved corporation amounted to a liquidating dividend, the appellant cites and relies upon Section 9221, subsec. (k), Code 1942, brought forward from Chapter 120, Laws of 1934, known as the State Income Tax Law, to the effect that "The word dividend means any distribution made by a corporation, association, trust or estate, to its share-holders or members, whether in cash or other property or its own stock." He

also relies upon Regulation No. 181, promulgated by the State Tax Commission under the authority of the State Income Tax Law, which provides that "where the value of the consideration paid has been established and allowed for reporting income to the State or Federal Government, the value so established and allowed will be prima facie evidence of the cost of the property for the purpose of depletion and when, because of unusual circumstances, the value of an oil and gas property must be determined as the basis of its costs for the purpose of ascertaining the basis of depletion and depreciation deductions, such value must be determined subject to approval or revision by the Commission."

Section 9228, subsec. (8), Code 1942, provides for a deductible allowance in computing income "in the case of mines, oil and gas wells, other natural deposits and timber, a reasonable allowance for depletion and depreciation of improvements, based upon cost, including cost of development not otherwise deducted; or fair market (value) as of March 16, 1912, if acquired prior to that date; such allowance to be made upon regulations prescribed by the commissioner with the approval of the governor."

The record discloses that the corporation had, prior to its dissolution, taken all of the reasonable allowances contemplated for depletion of its concealed assets consisting of oil and gas beneath the surface of the lands covered by the leases held by it, and for depreciation of its improvements, based upon the cost thereof to the corporation.

And when the dissolution of the corporation went into effect on December 31, 1941, the value of its assets as shown by the books of the said corporation, and not already deducted by depletion and depreciation, amounted to $363,283.30. The appellant when filing his individual income tax return with the State of Mississippi for the year 1942, took a deduction on the basis of a value fixed by a petroleum engineer upon the entire properties at the time of the dissolution in the sum of $1,723,718.56, as representing the actual fair market value of the undivided

assets, of which 18.75% passed to him by reason of the percentage of stock which he had held in the corporation as his undivided share in said assets, and which share he claims amounted to a liquidating dividend as aforesaid. As a consequence, although his interest in the gross income from the continued operation of the then producing oil wells, and of new ones drilled during the year 1942 amounted to $92,464.22, he took an allowance for depreciation and depletion in the sum of $99,019.50, showing a net loss of $6,555.24 rather than a taxable profit. The State Tax Commission disallowed this claimed deduction, assessed him with the sum of $5,142.80 for income taxes on his income therefrom during the year 1942, and after a full hearing in the premises, declined to revoke such assessment. Hence this suit was brought in the chancery court where the action of the State Tax Commission was approved and upheld.

We do not think that the undivided share assigned to the appellant as a stockholder in the assets of the dissolved corporation amounted to a liquidating dividend. There was no distribution made by the corporation to its shareholders of any property or assets in kind upon the dissolution thereof. The operation of the business of producing oil and gas in which the stockholders had been engaged through the entity of the corporation was continued upon its dissolution the same as it had been theretofore, except that it was conducted thereafter through its former chief stockholder as ''agent.'' The business was not liquidated, except on paper. The assets were not actually divided. They were kept intact, and the business in which the corporation had been engaged was continued as aforesaid. They did not permanently terminate the affairs of the business; therefore, they did not liquidate it. Horn & Hardart Baking Co. v. United States, D.C. 34 F. Supp. 89; State ex rel. Gibson v. American Bonding & Casualty Co., 225 Iowa 638, 281 N.W. 172; and Ex parte Amos, 94 Fla. 1023, 114 So. 760. Where this stockholder had received a share of the profits in the form of divi-

dends on his stock prior to the dissolution of the corporation, he thereafter received a share of the profits of the *continued* business as a holder of an undivided interest in the assets on the same basis that he had formerly received a share of such profits as a stockholder. He is one of the other stockholders referred to in the case of Urschel v. Stone, supra, and that case is decisive of the question here involved, even though for the first time we now give consideration to the provisions of the statute which the appellant says were not called to the Court's attention on the former appeal of his co-stockholder, Urschel.

Referring to Regulation No. 181 of the State Tax Commission, hereinbefore quoted, the state government has not heretofore established and allowed the basis herein claimed as the value upon which depreciation and depletion can be claimed as a deductible allowance, even though the federal government may have established the new value as fixed by the petroleum engineer for the purpose of federal income taxation subsequent to the dissolution of the said corporation.

If the nonresident former holders of the stock in this Delaware corporation, who are still engaged in producing oil and gas in this State the same as before its dissolution, should be permitted to escape the payment of income taxes here by merely passing a resolution to dissolve the corporation and distribute the assets under a plan determined upon by them, not amounting to an actual liquidation of the assets, such as would result from distributing to each former stockholder his part thereof in kind, the inducement would be held out to all nonresident stockholders of foreign corporations to pursue the same course and thereby evade the payment of any income taxes on the great wealth which they derive in this State from the business of producing oil and gas, and the State income tax law would be therby entirely defeated by this method, so far as nonresident operators of oil and gas properties are concerned. At any rate, we cannot subscribe to the the interpretation of the law contended for by the appel-

lant in the instant case as to the meaning of a distribution of assets

The decree of the trial court denying the relief sought by the appellant from the said assessment of $5,142.80, will therefore be affirmed.

Affirmed.