## SERVICE CO. v. COMMISSIONER OF INTERNAL REVENUE.
### No. 13638.

Circuit Court of Appeals, Eighth Circuit.
March 5, 1948.

F. E. Hagler, of Memphis, Tenn. (Hagler & Lowrance, of Memphis, Tenn., on the brief), for petitioner.

Harry Marselli, Sp. Asst. to Atty. Gen. (Theron Lamar Caudle, Asst. Atty. Gen., and George A. Stinson and Newton K. Fox, Sp. Assts. to Atty. Gen., on the brief), for respondent.

Before GARDNER, THOMAS, and COLLET, Circuit Judges.

THOMAS, Circuit Judge.

This case is presented here on the petition of a taxpayer to review a decision of The Tax Court. The proceeding involves deficiencies in income and excess profits taxes for the years 1940, 1941, and 1942, aggregating $2,355.59. It will be unnecessary to detail the items in dispute because the parties have agreed upon the amount of the deficiencey due the government in the event the decision of The Tax Court is affirmed or if it should be reversed.

The problem for solution is whether the petitioner, a corporation, received the property of its wholly owned subsidiary, Farmers Gin Company, in a tax-free liquidation of the subsidiary under the provisions of § 112(b) (6) of the Internal Revenue Code, 26 U.S.C.A. Int.Rev.Code, § 112(b) (6), so that the basis of the petitioner for depreciation of the property received was the same as that of the Gin Company as transferor instead of the fair market value of the property when received.

The facts were stipulated by the parties and found accordingly by The Tax Court.

The petitioner is an Arkansas corporation organized in 1898, with its principal place of business at Forrest City, Arkansas. Prior to 1930 it owned a gin. In that year a group of farmers organized and proposed to construct a competing gin. To avoid the threatened competition petitioner sold its

gin to the group for which it received 200 shares of stock in the new corporation known as the Farmers Gin Company; and by 1940 it had acquired all of the outstanding stock of that Company.

On November 6, 1940, there was prepared and executed by the stockholders of the Gin Company a consent to dissolution which reads:

"We, the undersigned, being all of the stockholders of record of the Farmers Gin Company, a corporation organized and existing under and by virtue of the laws of the state of Arkansas, with its domicile at Forrest City, Arkansas, having full voting power on a proposition to dissolve the said corporation hereby consent in writing to a dissolution of said corporation and the request the said Farmers Gin Company by and through its duly authorized officers to file the within consent to dissolve with the County Clerk of St. Francis County and with the Secretary of State of the State of Arkansas, and secure said certificate of dissolution from the said Secretary of State of Arkansas.

"Witness our hands this 6th day of November, 1940."

On November 9, 1940, the consent was filed with the Secretary of State of Arkansas, and on the same date the Secretary of State issued a certificate of dissolution.

On November 13, 1940, the Gin Company filed with the collector Treasury Department Form 966, being a return of information under § 148(d) of the Internal Revenue Code, 26 U.S.C.A. Int.Rev.Code, § 148(d), in which it was stated that the "Date of adoption of resolution or plan of dissolution" was "Nov. 6, 1940."

On November 9, 1940, entries were made in the books of the Gin Company closing out the capital stock account; and "as of" the same date entries were made on its books showing the cost of the property to it and the fair market value of such properties as of the date of dissolution. These entries were made by petitioner's accountant sometime in the spring of 1941.

On March 12, 1941, petitioner filed its 1940 return claiming a long-term capital loss from the liquidation of the Gin Company; and on September 11, 1941, the Gin Company filed its return for the period from July 1, 1940, to November 9, 1940, showing that it dissolved on November 9, 1940, and that its property was distributed to its sole stockholder, The Service Company, petitioner here.

After the dissolution of the Gin Company petitioner continued the operation of the gin.

Paragraph 1 of the Stipulation of Facts reads:

"On November 9, 1940, the Farmer's Gin Company, a corporation of Forrest City, Arkansas, was dissolved and its assets distributed to its sole stockholder, the petitioner herein, in complete liquidation of the former, in exchange for its stock then held and owned by the latter, which stock was cancelled."

In harmony with the stipulation The Tax Court's Findings of Fact concludes as follows:

"The distribution of all of the assets of Farmers Gin Company was pursuant to, and was made within the taxable year during which there was adopted, a resolution or plan by petitioner, as sole shareholder, for the liquidation of the Gin Company, under which the transfer of all the property was to be completed forthwith."

The undisputed facts require consideration of the applicable provisions of the Internal Revenue Code to determine whether gain or loss was sustained by the petitioner for income and excess profits tax purposes. The Internal Revenue Code provides:

"§ 115. Distribution by corporations

\* \* \* \* \* \*

"(c) Distributions in liquidation. Amounts distributed in complete liquidation of a corporation shall be treated as in full payment in exchange for the stock, \* \* \* The gain or loss to the distributee resulting from such exchange shall be determined under section 111, but shall be recognized only to the extent provided in section 112. \* \* \*"

"§ 111. Determination of amount of, and recognition of, gain or loss

\* \* \* \* \* \*

"(c) Recognition of gain or loss. In the case of a sale or exchange, the extent to

which the gain or loss determined under this section shall be recognized for the purposes of this chapter, shall be determined under the provisions of section 112."

"§ 112. Recognition of gain or loss—

"(a) General rule. Upon the sale or exchange of property the entire amount of the gain or loss, determined under section 111, shall be recognized, except as hereinafter provided in this section.

"(b) Exchanges solely in kind—

\* \* \* \* \* \*

"(6) Property received by corporation on complete liquidation of another. No gain or loss shall be recognized upon the receipt by a corporation of property distributed in complete liquidation of another corporation. For the purposes of this paragraph a distribution shall be considered to be in complete liquidation only if—

"(A) the corporation receiving such property was, on the date of the adoption of the plan of liquidation, and has continued to be at all times until the receipt of the property, the owner of stock (in such other corporation) possessing at least 80 per centum of the total combined voting power of all classes of stock entitled to vote and the owner of at least 80 per centum of the total number of shares of all other classes of stock (except nonvoting stock which is limited and preferred as to dividends), and was at no time on or after the date of the adoption of the plan of liquidation and until the receipt of the property the owner of a greater percentage of any class of stock than the percentage of such class owned at the time of the receipt of the property; and

"(B) no distribution under the liquidation was made before the first day of the first taxable year of the corporation beginning after December 31, 1935; and either

"(C) the distribution is by such other corporation in complete cancellation or redemption of all its stock, and the transfer of all the property occurs within the taxable year; in such case the adoption by the shareholders of the resolution under which is authorized the distribution of all the assets of such corporation in complete cancellation or redemption of all its stock, shall be considered an adoption of a plan of liquidation, even though no time for the completion of the transfer of the property is specified in such resolution; \* \* \*" 26 U.S.C.A. Int.Rev.Code, §§ 111(c), 112(a), (b) (6) (A–C), 115(c).

It seems apparent that the facts bring the case within the exception defined in § 112(b) (6). Clearly every test prescribed by that section is applicable to the transaction under consideration. Both parties to the transaction were corporations. The property of the Gin Company was distributed to The Service Company in complete liquidation of the Gin Company. On the date of the adoption of the plan of liquidation, November 6, 1940, petitioner owned not only 80% of the stock of the Gin Company as required under subsection (6) (A); it owned all of such stock. The distribution was made after December 31, 1935, as required by subsection (B). And every condition of subsection (C) was complied with.

■■■ But petitioner contends that there was no "plan" of liquidation. The finding of The Tax Court on this point, however, is supported by evidence and is conclusive. Mertens on the Law of Federal Income Taxation, Vol. I, § 9.92, says, "The courts have, in general, adopted a liberal attitude in determining the existence of a plan of liquidation in the cases coming before them and have held generally that there need not be a formal plan of liquidation." In Kennemer v. Commissioner, 5 Cir., 96 F.2d 177, 178, the court said: "It is not material \* \* \* that no formal resolution to liquidate or dissolve the corporation had been adopted when the distribution was made. An intention to liquidate was fairly implied from the sale of all the assets and the act of distributing the cash to the stockholders \* \* \* The determining element was the intention to liquidate the business, coupled with the actual distribution of the cash to the stock holders." And see Holmby Corporation v. Commissioner, 9 Cir., 83 F.2d 548; Tootle v. Commissioner, 8 Cir., 58 F.2d 576.

■■ The facts show clearly that there was an intention to liquidate the Gin Company completely. There was a resolution of dissolution adopted by the subsidiary, a cancellation of its stock and a transfer of all

its property to the petitioner. These acts are sufficient to compel a finding that there was a "plan" of liquidation and that the plan was fully executed.

The petitioner insists further that neither the petitioner nor the Gin Company complied with the provisions of § 112(b) (6) of the statute or with Treasury Regulations 103, § 19.112(b) (6). The conditions of the statute have been discussed above. The only applicable requirements of the Regulations claimed to have been ignored by the corporations were (1) that permanent records shall be kept by every corporation receiving distributions in complete liquidations within the exception provided in § 112(b) (6) showing the information required to be submitted with its return; (2) the plan of liquidation must be adopted by each of the corporations parties thereto, and the adoption must be shown by the responsible officers upon the official records; and (2) for the taxable years in which the liquidation occurs the recipient under the plan shall file with its return a complete statement of all facts pertinent to the nonrecognition of gain or loss, including (a) a certified copy of the plan and of the resolutions under which it was adopted with a statement under oath showing all transactions incident to, or pursuant to, the plan; (b) a list of all properties received under the distribution showing the cost basis of such properties and the fair market value of such properties on the date distributed; and (c) a statement of the ownership of the stock of the liquidating corporation as of the date of the adoption of the plan and at all times thereafter.

The regulations referred to prescribe duties, it will be observed, to be complied with by the taxpayer. The government suggests that the essential information required was furnished by the Gin Company in its report on Form 966 under date of November 13, 1940, and in the returns of both corporations. That this is true cannot be denied. The petitioner argues, however, that § 112 (b) (6) is inapplicable because the information which it furnished to the Commissioner did not comply in every detail with the requirements of the Regulations; that is, the petitioner's contention is in substance and effect that strict compliance by a taxpayer with the provisions of the Regulations is a condition precedent to the application of the statute. No authority is cited in support of such a proposition, and we have found none. Regulations are matters of administrative procedure promulgated primarily for the protection of the revenue, not for the advantage of the taxpayer. There is no contention here that the petitioner was prejudiced in any way by its own failure to comply in every detail with the Regulations; and it should not be heard to complain of its own default, nor to reap any tax advantage therefrom.

Affirmed.